UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAHAMED ALI JAMA,

        Plaintiff,

    v.

KING COUNT[Y] JUDGES, *et al.*,

        Defendants.

Cause No. C21-1150RSL

ORDER REQUIRING A MORE
DEFINITE STATEMENT

      On August 31, 2021, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The nature of plaintiff's claim or claims is difficult to discern. He repeatedly states that no one is above the law and appears to be challenging unspecified judicial decisions: he identifies four federal judicial officers (including the undersigned) and lists four state court case numbers. The only facts conveyed by the pleading involve one or more unsuccessful complaints to the State of Washington's Commission on Judicial Conduct and an assertion that Mr. Jama spent six months in jail before a charge against him was dismissed. No jurisdictional statement is made, no defendants are identified, and no relief is requested.

      The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

complaint is deficient for the following reasons:

    1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. Assuming that the judicial officers identified in the complaint are defendants, they would have to guess what acts they are supposed to have committed and how those acts infringed Mr. Jama's rights. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose.

    2. To the extent plaintiff is seeking review of the state court's judgments in the four state court cases mentioned in the complaint, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so. *Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

3. To the extent plaintiff is asserting claims against judicial officers directly, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute" in that it protects the decisionmaker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate lawsuit is unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff is hereby ORDERED to file on or before October 26, 2021, an amended complaint which clearly and concisely identifies the defendants, the basis of the Court's jurisdiction, the acts of which each named defendant is accused, how those acts violated plaintiff's legal rights, and the relief requested. The key to filing an acceptable amended complaint will be providing enough facts that each defendant has sufficient notice to mount a defense and from which one

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3

could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, October 29, 2021.

Dated this 20th day of September, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4