UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAHAMED ALI JAMA,

    Plaintiff,

v.

KING COUNT[Y] JUDGES, *et al.*,

    Defendants.

Cause No. C21-1150RSL

ORDER OF DISMISSAL

On August 31, 2021, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The nature of plaintiff's claim or claims is difficult to discern, however. He repeatedly states that no one is above the law and appears to be challenging unspecified judicial decisions. An exhibit submitted with the complaint identifies four federal judicial officers (including the undersigned) and lists four state court case numbers. The only facts conveyed by the submission involve one or more unsuccessful complaints to the State of Washington's Commission on Judicial Conduct and an assertion that Mr. Jama spent six months in jail before a charge against him was dismissed. No jurisdictional statement is made, no defendants are identified, and no relief is requested.

In response to an order requiring a more definite statement of his claims, plaintiff filed a one-page letter asserting that he needs a lawyer in order to obtain justice. Dkt. # 8. No additional facts regarding what the identified judges are supposed to have done or how plaintiff could

ORDER OF DISMISSAL - 1

possibly be entitled to relief are provided. The Court therefore turns first to the pending motion to appoint counsel (Dkt. # 6).

> Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency.

The Court is currently unable to ascertain the likelihood of success on the merits because the existing complaint fails to specify what defendants did wrong, does not give rise to a plausible inference that plaintiff is entitled to relief against judicial officers, and suggests that the Court lacks subject matter jurisdiction over at least some portion of his claims. While the Court is willing to presume that a statement of the law is beyond plaintiff's pro se capabilities, what happened to him - the who, what, when, why, where, and how - are presumably known to plaintiff and within his ability to articulate. Finally, plaintiff has failed to provide any information regarding his finances that could support a finding of indigency.

Plaintiff has not shown the sort of exceptional circumstances that justify appointment of counsel at the public's expense. Dkt. # 6 is, therefore, DENIED. Because plaintiff has failed to provide any factual allegations that could support a viable claim, the above-captioned matter is

ORDER OF DISMISSAL - 2

hereby DISMISSED under the standards articulated in 28 U.S.C. § 1915(e)(2).

      Dated this 8th day of November, 2021.

                                            */s/ Robert S. Lasnik*
                                          Robert S. Lasnik
                                          United States District Judge

ORDER OF DISMISSAL - 3